## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK PLUMLEY,<br><br>Plaintiff,<br><br>v.<br><br>SESEN BIO, INC., THOMAS CANNELL, JAY S. DUKER, CARRIE L. BOURDOW, PETER K HONIG, MICHAEL A.S. JEWETT, and JASON KEYES,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Patrick Plumley ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Sesen Bio, Inc. ("Sesen Bio" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed merger of the Company with CARISMA Therapeutics Inc. ("Carisma").[1]

2. On September 20, 2022, the Company and its wholly owned subsidiary Seahawk

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

Merger Sub, Inc. ("Merger Sub") entered into an Agreement and Plan of Merger and Reorganization (the "Merger Agreement") with Carisma.[2] The Merger Agreement provides that Merger Sub will merge with and into Carisma, with Carisma continuing as a wholly owned subsidiary of Sesen Bio and the surviving corporation of the merger. In connection with the Proposed Transaction: (i) Carisma stockholders will receive a number of shares of Sesen Bio common stock equal to the exchange ratio, which was estimated to be 37.7924 shares as of December 29, 2022, per share of Sesen Bio common stock; and (ii) shares of Sesen Bio common stock will be unaffected, with Sesen Bio stockholders receiving (a) a special cash dividend to be paid at closing, expected to be approximately $70.0 million in the aggregate,[3] and (b) one contingent value right ("CVR").[4] Upon completion of the Proposed Transaction, Sesen Bio stockholders are expected to own approximately 25.2% of the combined company and Carisma stockholders, after taking into account shares of Carisma common stock purchased in connection with the Carisma pre-closing financing and the conversion of Carisma's $35.0 million outstanding convertible note, are expected to own approximately 74.8% of the combined company.

      3.     The Company's corporate directors subsequently authorized the January 19,

---

[2] The Merger Agreement was amended on December 29, 2022.

[3] The amount of the special cash dividend will be the amount by which Sesen Bio's estimated net cash as of the closing of the Proposed Transaction exceeds $75.0 million.

[4] Each CVR will represent the contractual right to receive contingent cash payments upon the receipt by Sesen Bio of certain proceeds payable by F. Hoffmann-La Roche Ltd and Hoffman-La Roche Inc. ("Roche"), if any, pursuant to the Asset Purchase Agreement by and among Sesen Bio and Roche (the "Roche Asset Purchase Agreement"), upon the achievement by Roche of a specified milestone set forth in the Roche Asset Purchase Agreement as well as proceeds from any sale of Sesen Bio's legacy assets, including Vicineum, subject to certain customary deductions, including for expenses and taxes.

2023, filing of the materially incomplete and misleading Form 424B3 Prospectus (the "Prospectus") with the SEC.[5] The Prospectus, which recommends that Company stockholders vote in favor of the Share Issuance and the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Prospectus in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Prospectus is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[6]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Share Issuance and Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal

---

[5] The Merger Agreement, as amended, requires Sesen Bio to issue additional shares of its common stock (the "Share Issuance"). As a Nasdaq listed company, Sesen Bio must thus secure stockholder approval before issuing 20% or more of its outstanding common stock and before issuing securities that will result in a "change of control" of the company. Accordingly, the Proposed Transaction is contingent upon Sesen Bio stockholders voting to approve the proposed Share Issuance.

[6] The Special Meeting at which stockholders are asked to approve the Share Issuance and Proposed Transaction currently is scheduled for March 2, 2023.

question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Sesen Bio common stock.

10. Defendant Sesen Bio is a Delaware corporation with its principal executive offices located at 245 First Street, Suite 1800, Cambridge, Massachusetts 02142. Sesen Bio's shares trade on the Nasdaq Capital Market under the ticker symbol "SESN." Sesen Bio is a late-stage clinical company focused on targeted fusion protein therapeutics for the treatment of patients with cancer. The Company's most advanced product candidate, Vicineum, is a locally administered targeted fusion protein composed of an anti-epithelial cell adhesion molecule antibody fragment tethered to a truncated form of Pseudomonas exotoxin A for the treatment of non-muscle invasive bladder cancer. Sesen Bio voluntarily paused further development of Vicineum in the United States on July 15, 2022.

11. Defendant Thomas Cannell ("Cannell") is and has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

12. Defendant Jay S. Duker is and has been Chair of the Board and a director of the Company at all times relevant hereto.

13. Defendant Carrie L. Bourdow is and has been a director of the Company at all times relevant hereto.

14. Defendant Peter K Honig is and has been a director of the Company at all times relevant hereto.

15. Defendant Michael A.S. Jewett is and has been a director of the Company at all times relevant hereto.

16. Defendant Jason Keyes is and has been a director of the Company at all times relevant hereto.

17. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

18. On September 21, 2022, Sesen Bio and Carisma jointly announced in relevant part:

> CAMBRIDGE, Mass. & PHILADELPHIA--(BUSINESS WIRE)--Sep. 21, 2022-- **Sesen Bio, Inc.** (Nasdaq: SESN) and **Carisma Therapeutics Inc.** (Carisma), a privately held, clinical stage biopharmaceutical company focused on discovering and developing innovative immunotherapies, announced today that they have entered into a definitive merger agreement to combine the companies in an all-stock transaction. The combined company will focus on the advancement of Carisma's proprietary cell therapy platform that utilizes engineered macrophages and monocytes to potentially transform the treatment of cancer and other serious disorders. Carisma is pioneering the development of chimeric antigen receptor macrophage (CAR-M) therapies and is believed to be the only company developing CAR-M therapies with demonstrated proof of mechanism and safety data in clinical trials. The combined company is expected to operate under the name Carisma Therapeutics Inc. and trade on Nasdaq under the ticker symbol "CARM."
>
> Carisma has also secured commitments from a syndicate of investors for a $30 million financing, including HealthCap, AbbVie, Wellington Partners, SymBiosis, Penn Medicine, TPG Biotech, MRL Ventures Fund, the

therapeutics-focused corporate venture arm of Merck & Co., Agent Capital, Solasta, Livzon, Pictet Alternative Advisors and 4Bio, which is expected to close concurrently with the completion of the merger. With the cash expected from both companies at closing and the proceeds of the concurrent financing, the combined company is expected to have approximately $180 million in cash, cash equivalents and marketable securities. These cash resources are expected to be used to advance Carisma's pipeline through multiple ongoing and planned key data readouts across several clinical trials and to fund operating expenses and capital expenditure requirements through 2024. The merger and related financing are expected to close in the next three to four months.

Carisma's cell and gene therapies are based on a proprietary platform technology that reprograms a patient's macrophages and targets them against cancer cells, with the potential for broad anti-tumor immunity. This novel technology is designed to engage with the body's immune system to treat solid tumors, which remains a persistent clinical challenge that is yet to be comprehensively achieved through CAR-T and other immunotherapy approaches.

Carisma's CAR-M platform provides the ability to fine-tune the specific targets of the immune cells, potentially enabling multiple therapeutic applications in and beyond oncology. The first clinical application of this technology is CT-0508, a CAR-M cell therapy currently being evaluated by Carisma in a Phase 1 multi-center clinical trial with a lead target indication of advanced HER2+ solid tumors. Carisma believes this Phase 1 clinical trial marks the first time that engineered macrophages are being studied in humans. Carisma is leveraging its proprietary CAR-M platform to expand its oncology pipeline both independently and through a strategic partnership with Moderna. Additionally, Carisma is exploring the potential to develop its proprietary macrophage engineering platform for non-oncology applications such as liver fibrosis, as well as autoimmune and neurodegenerative disease indications.

"The proposed merger represents an exciting opportunity for shareholders of each company, and we believe it gets us one step closer to our goal of revolutionizing the field of immunotherapy," said Steven Kelly, President and Chief Executive Officer of Carisma. "This transaction will provide us with financial strength to not only continue to develop our lead candidate CT-0508, but also allow us to accelerate the growth of our platform and pipeline within and outside of oncology and develop additional strong strategic partnerships beyond those we already have with Moderna and Novartis. Carisma is focused on delivering cutting-edge technology for patients in a way that has never been done before, and we look forward to advancing this important mission."

"This transaction represents the result of a thoughtful and careful review of strategic alternatives over the past four months, during which Carisma's clinical programs, management team, and corporate strategy stood out amongst the 42 bids reviewed," said Dr. Thomas Cannell, President and Chief Executive Officer

of Sesen Bio.  "Carisma is an exciting clinical-stage company with groundbreaking science and an impressive management team, which we believe makes them the optimal partner to provide value for our shareholders.  Our mission at Sesen Bio has always been to save and improve the lives of patients with cancer, and we believe Carisma has the science and the unwavering patient focus required to make that mission a reality."

Carisma has several anticipated upcoming catalysts and developmental milestones across its clinical programs over the next 18 months, including:

- Additional Phase 1 data readout of safety, manufacturing feasibility, and mechanism of action of CT-0508 with single-day dosing

- Completion of the technology transfer to Novartis for the planned clinical manufacturing of CT-0508

- Phase 1 data readout for the CT-0508 intraperitoneal trial for patients with HER2+ peritoneal cancer

- Phase 1 data readout of CT-0508 in combination with pembrolizumab for patients with HER2+ solid tumors

- Investigational New Drug (IND) Application for a new HER2 CAR engineered monocyte cell product

In addition to its exclusively licensed proprietary technologies that were developed by leading scientists at the University of Pennsylvania (Penn), including Saar Gill, MD, PhD, an associate professor of Medicine at Penn's Perelman School of Medicine and a Carisma co-founder and fellow co-founder and Carisma's Chief Scientific Officer, Dr. Michael Klichinsky, PharmD, PhD, Carisma has well-established strategic partners to support the advancement of its pipeline.  Carisma recently entered into a strategic partnership with Moderna for the discovery, development and commercialization of *in vivo* CAR-M therapies for up to 12 targets for the treatment of cancer.  As part of the collaboration, Carisma received a $45 million up-front cash payment and an investment by Moderna in the form of a $35 million convertible note, which will convert into shares of common stock of the combined company in connection with the merger.  Under the collaboration, Carisma will receive full research funding and is eligible to receive development, regulatory, and commercial milestone payments, plus royalties on net sales of any products that are commercialized.  Carisma has also partnered with Novartis, which has extensive experience in cell therapy manufacturing, to operate as Carisma's contract manufacturing organization for clinical supply of its lead clinical program, CT-0508.

**About the Proposed Merger**

Pre-merger Sesen Bio stockholders are expected to own approximately 41.7% and pre-merger Carisma stockholders are expected to own approximately 58.3% of the combined company, in each case before giving effect to the concurrent financing described above and the conversion of the outstanding Moderna convertible note.  Under the terms of the merger agreement, stockholders of Carisma will receive newly issued shares of Sesen Bio common stock pursuant to an exchange ratio formula set forth in the merger agreement.  The percentage of the combined company that Sesen Bio stockholders will own upon the closing of the merger is further subject to adjustment based on the amount of Sesen Bio's net cash at the time of closing.

Immediately prior to the closing of the proposed merger, Sesen Bio stockholders of record will be issued a contingent value right (CVR) for each outstanding share of Sesen Bio common stock held by such Sesen Bio stockholder as of such date, representing the right to receive certain cash payments from proceeds received by Sesen Bio related to the Roche Asset Purchase Agreement, if any, subject to customary deductions, including for expenses and taxes.

Following the consummation of the merger, the combined company will be headquartered in Philadelphia, Pennsylvania, and will be led by Steven Kelly, President and Chief Executive Officer of Carisma.  Mr. Kelly was recently named Ernst & Young Entrepreneur of the Year 2022 Greater Philadelphia, an award that recognizes the most ambitious leaders who are building and sustaining successful, dynamic businesses around the world.  The board of directors of the combined company is expected to be composed of seven members, consisting of one member designated by Sesen Bio and six members designated by Carisma.

The merger agreement has been unanimously approved by the boards of directors of both companies.  The merger and related financing are expected to close in the next three to four months, subject to approval by Sesen Bio's shareholders and other customary closing conditions.

Additional information about the transaction will be provided in a Current Report on Form 8-K that will be filed by Sesen Biowith the Securities and Exchange Commission (SEC) and will be available at www.sec.gov.

SVB Securities is acting as exclusive financial advisor to Sesen Bio for the transaction and Hogan Lovells US LLP is serving as its legal counsel.  Evercore Group LLC is serving as lead financial advisor to Carisma for the transaction and BofA Securities, Inc. is also serving as financial advisor to Carisma for the transaction.  Wilmer Cutler Pickering Hale and Dorr LLP is serving as legal counsel to Carisma.  BofA Securities, Inc. and Evercore Group L.L.C. are

serving as co-placement agents for Carisma's concurrent financing and Shearman & Sterling LLP is serving as the placement agents' legal counsel.

19. On December 29, 2022, Sesen Bio and Carisma jointly announced the amended Merger Agreement, stating, in relevant part:

> CAMBRIDGE, Mass. & PHILADELPHIA--(BUSINESS WIRE)--Dec. 29, 2022-- Sesen Bio, Inc. (Nasdaq: SESN) and Carisma Therapeutics Inc. (Carisma), a privately-held, clinical stage biopharmaceutical company focused on discovering and developing innovative immunotherapies, today announced an amendment to their previously announced merger agreement dated September 20, 2022.
>
> Under the terms of the amended merger agreement, which has been unanimously approved by the Boards of Directors of both companies, the one-time special cash dividend expected to be paid to Sesen Bio stockholders will be increased to approximately $70 million, or approximately $0.34 per share, representing the amount of excess cash available after Sesen Bio meets a required net cash minimum of $75 million and represents an increase from the previously stated up to $25 million special cash dividend, or up to $0.12 per share. Carisma's previously announced approximately $30 million financing remains committed and is expected to close concurrently with the merger.
>
> As part of the amended merger agreement, the contingent value right ("CVR") payable to Sesen Bio stockholders has been amended to also include proceeds from any sale of Vicineum and Sesen Bio's other preclinical assets, in addition to any proceeds from the milestone payment under the Roche Asset Purchase Agreement.
>
> The issuance of the special cash dividend and CVR remain contingent on the closing of the pending transaction. Following completion of the incremental financing from Carisma's key investors and subsequent completion of the merger, Sesen Bio stockholders are expected to own 25.2% of the pro forma company consistent with the exchange ratio formula set forth in the original merger agreement.
>
> Dr. Thomas Cannell, President and Chief Executive Officer of Sesen Bio, said, "Since first announcing the merger, both companies have engaged extensively with Sesen Bio stockholders and continued to explore ways to deliver greater value in connection with the closing. The $45 million increase to the expected special cash dividend delivers even more direct and immediate cash value. Furthermore, Sesen Bio stockholders will be positioned to realize the long-term benefits of the pending merger, including a meaningful ownership position in the combined company, and benefit from additional potential upside through the CVR. With support from its financial and legal advisors, the Board embarked

on a thorough evaluation of its strategic alternatives, including liquidation, and conducted outreach to more than 100 companies, 42 of which submitted bids. Based on this comprehensive review process, we are confident that the pending merger maximizes stockholder value and is in the best interest of our stockholders. In the weeks ahead, we look forward to further engaging with our stockholders regarding the significant benefits of our pending merger with Carisma."

Steven Kelly, President and Chief Executive Officer of Carisma, added, "The revised terms of our pending merger with Sesen Bio reinforce our confidence in and commitment to completing this compelling transaction. Carisma's stockholders continue to be enthusiastic about the potential merger and have reaffirmed their commitment to provide incremental financing to support the combined company. Following completion of our merger with Sesen Bio, the combined company will be positioned for continued success as we advance our mission to revolutionize cancer treatments."

The merger and related financing are expected to close in the first quarter of 2023, subject to approval by Sesen Bio stockholders and other customary closing conditions.

**The Materially Incomplete and Misleading Prospectus**

20.     The Board caused to be filed the materially incomplete and misleading Prospectus with the SEC on January 19, 2023  The Prospectus, which recommends that Sesen Bio stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning the financial forecasts for Carisma and Sesen Bio and the financial analyses that support the fairness opinion provided by the Company's financial advisor, SVB Securities Capital, LLC ("SVB Securities"); (b) the background of the Proposed Transaction; and (c) potential conflicts of interest faced by SVB Securities and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts, Carisma's Financial Forecasts, and  SVB Securities' Financial Analysis*

21.     The Prospectus fails to disclose material information concerning the financial projections for Carisma and Sesen Bio, including the line items underlying Carisma's projected:

(a) total adjusted revenue; (b) earnings before interest and taxes; and (v) unlevered free cash flow.

22.     The Prospectus also fails to disclose the projected cash flows associated with CT-0508 and the Moderna partnership, the risk adjustments applied to those projected cash flows, or the non-risk adjusted projections for Carisma.

23.     The Prospectus fails to disclose the Company's "internal information, primarily related to expense forecasts, relating to the business, operations, earnings, cash flow, assets, liabilities and prospects of Sesen Bio" provided to SVB Securities by Sesen Bio management and relied upon by SVB Securities in connection with its fairness opinion.[7]

24.     In addition, the Prospectus fails to disclose a summary of Sesen Bio management's analysis of a liquidation of the Company and distribution of available cash discussed at Board meetings held on June 15 and 16, 2022, July 15, 2022, July 22, 2022, December 21, 2022, and December 29, 2022 including the potential payment payable to Sesen Bio stockholders under Sesen Bio management's respective analyses, as applicable.

25.     The Prospectus further fails to disclose any information regarding Sesen Bio's analysis or valuation of the CVR.

26.     The Prospectus fails to disclose material information concerning SVB Securities' financial analyses.

27.     With respect to the *Valuation Analysis - Discounted Cash Flow* performed by SVB Securities, the Prospectus fails to disclose Carisma's terminal values.

---

[7] *See* Prospectus at 140.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

28.     The Prospectus fails to disclose material information concerning the background of the Proposed Transaction, including whether any of the standstill provisions included in the confidentiality agreements the Company entered into with 18 companies are "don't-ask, don't-waive" standstill provisions that are still in effect and presently precluding any of the parties from submitting a topping bid for the Company.[8]

*Material Misrepresentations and/or Omissions Concerning SVB Securities' Potential Conflicts of Interest*

29.     The Prospectus fails to disclose material information concerning SVB Securities' potential conflicts of interest, including the details of any services SVB Securities provided to Carisma's largest stockholders who are affiliated with Carisma directors and have agreed to purchase shares in the Carisma pre-closing financing, including, but not limited to, AbbVie Biotechnology Ltd, HealthCap VII L.P., SymBiosis II, LLC and Wellington Life Sciences V GmbH & Co. KG, and any compensation SVB Securities or its affiliates have received for such services provided.

30.     The omission of the above-referenced information renders statements in the "Certain Unaudited Financial Projections," "Opinion of Sesen Bio's Financial Advisor," "Background of the Merger" and "Interests of Sesen Bio Directors and Executive Officers in the Merger" sections of the Prospectus materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a

---

[8] *See* Prospectus at 125-126.

sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Sesen Bio**

31.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32.     The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Sesen Bio is liable as the issuer of these statements.

33.     The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

34.     The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

35.     The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

36. The Prospectus is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Prospectus, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Sesen Bio within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Sesen Bio and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Prospectus alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction,

rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

    C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

    D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    E.  Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: February 3, 2023        **LONG LAW, LLC**

                By: */s/ Brian D. Long*
                   Brian D. Long (#4347)
                   3828 Kennett Pike, Suite 208
                   Wilmington, DE 19807
                   Telephone: (302) 729-9100
                   Email: BDLong@LongLawDE.com

                   *Attorneys for Plaintiff*